**LOCAL 2047, AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES,**
**Appellant,**

v.

**DEFENSE GENERAL SUPPLY CENTER, Appellee.**

**No. 77-1145.**

United States Court of Appeals,
Fourth Circuit.

Argued Feb. 10, 1978.

Decided March 27, 1978.

---

**10.** *See,* § (b)(2) of 7476, as originally offered as H.R. 12855.

Jay J. Levit, Richmond, Va. (Stallard & Levit, Richmond, Va., on brief), for appellant.

Robert W. Jaspen, Asst. U. S. Atty., Richmond, Va. (William B. Cummings, U. S. Atty., Alexandria, Va., on brief), for appellee.

Before WINTER, WIDENER and HALL, Circuit Judges.

PER CURIAM:

Local 2047, American Federation of Government Employees (the union), sued Defense General Supply Center (the employer) to enforce a contractual right to certain employment and personnel data created by a collective bargaining agreement between the parties. The agreement had been entered into on January 14, 1972. While the employer does not dispute the union's contractual right to the data, it justified its refusal to supply it by the prohibitions of the Privacy Act of 1974, 5 U.S.C. § 552a, effective September 27, 1975, and the regulations and policies promulgated thereunder. The district court granted summary judgment for the employer, and we affirm.

We are essentially in agreement with the reasoning of the district court as set forth in its memorandum decision, *Local 2047,*

**186**

*American Federation of Government Employees v. Defense General Supply Center,* 423 F.Supp. 481 (E.D.Va.1976).[1]

■ Both Executive Order No. 11491 under which the collective bargaining agreement was negotiated and the agreement itself provide that the administration of all matters covered by the agreement is governed by existing or future laws and regulations of appropriate authorities, including policies set forth in the Federal Personnel Manual. The Privacy Act, together with regulations and policies formulated thereunder, thus controls. The Act prohibits the disclosure of all of the information to which the union has a contractual right unless such information is disclosed for a "routine use," § 552a(b)(3).[2] The current regulations and policies of the Civil Service Commission[3] interpret "routine use" to deny to the union, absent the consent of employees who are identified by name, (a) copies of retention registers for each competitive level subject to reduction in force and informational copies of reduction in force notices affecting unit employees where the names of the employees are disclosed;[4] (b) names of employees suspected of abusing sick leave, names of employees with excessive unscheduled emergency leave and names of employees continually late for duty; (c) a copy of the justification furnished to the Office of Civilian Personnel when an employee who is a qualified candidate and who is entitled to priority consideration for re-promotion fails to be selected; and (d) information copies of letters of warning, proposed disciplinary actions, proposed adverse action, and the like.

■ The union asserts that a regulation or administrative interpretation adopted under the provisions of the Act cannot abrogate a provision of the contract if the regulation or administrative interpretation is unreasonable. Without deciding that this is necessarily the correct test to be applied, we adopt it for the purposes of decision in this case. Manifestly, the information that the union seeks is of an actual or a potential derogatory nature with regard to employees whose identity is disclosed. Thus, in applying the test espoused by the union, we conclude that in light of the purposes of the Act and its provisions, we cannot say that the regulation and the interpretation are unreasonable.[5]

Accordingly, for the reasons assigned by the district court and those set forth herein, we affirm the order of the district court granting summary judgment to defendant.

*AFFIRMED.*

---

1. Although the district court rejected an attack upon its jurisdiction, it did not articulate its reasons why it held that it had federal question jurisdiction, 28 U.S.C. § 1331. Since the action involves the enforcement of a contractual right contained in a collective bargaining agreement between the *federal* government and its employees, we conclude that federal law governs the enforceability of this right. Accordingly, we find that the case arises under the "laws" of the United States. *See Illinois v. City of Milwaukee,* 406 U.S. 91, 99–100, 92 S.Ct. 1385, 31 L.Ed.2d 712 (1972).

2. "Routine use," as defined in 5 U.S.C. § 552a(a)(7), means "the use of such record for a purpose which is compatible with the purpose for which it was collected."

3. 5 U.S.C. § 552a(e)(4)(B) charges each agency that maintains records to publish annually in the Federal Register notice of what constitutes a "routine use" of these records. Since the information sought by the union in the instant case is maintained by the Civil Service Commission, its regulations govern.

4. Under the regulations and policies, the employer may furnish this information if the names of employees are deleted.

5. Before us, the union asserts that it is entitled to the information it seeks under the Freedom of Information Act, 5 U.S.C. §§ 551, *et seq.* The argument was not advanced in the district court and therefore we decline to consider it. The validity of the contention must await another law suit.