John W. KING, Plaintiff,

v.

Joseph A. CALIFANO et al., Defendants.

Civ. A. No. 78–1158.

United States District Court, District of Columbia.

May 4, 1979.

James W. Lawson, Washington, D. C., for plaintiff.

Daniel J. Metcalfe, Dept. of Justice, Washington, D. C., for defendants.

## OPINION

JOHN LEWIS SMITH, Jr., District Judge.

Plaintiff John W. King is seeking damages for alleged violations by defendants Joseph Califano, Don Wortman, and Robert Trachtenberg of the Privacy Act of 1974 and the Freedom of Information Act (FOIA), 5 U.S.C. §§ 552 and 552a. The matter is now before the Court on defendants' motion to dismiss.

This case arises out of administrative personnel proceedings regarding the possible removal of plaintiff from his position as administrative law judge with the Social Security Administration's Bureau of Hearings and Appeals. The formal letter of charges seeking plaintiff's removal was filed on June 2, 1976. On June 25, 1976, a newspaper article appearing in the *Des Moines Register* contained, in pertinent part, the following statement:

High-ranking Social Security officials, who refuse to be quoted by name, contend that King was relieved because he has "severe mental and emotional problems" that make him unfit for duty—an allegation King denies.

Plaintiff first claims he is entitled to damages on the ground that this portion of the article reflects a disclosure of his personnel and medical records in violation of the Privacy Act. Under mandate from Congress, the Office of Management and Budget has published an explanation of the meaning of "record:"

The term "record," as defined for purposes of the Act, means a tangible or documentary record (as opposed to a record contained in someone's memory) and has a broader meaning than the term commonly has when used in connection with record-keeping systems."

40 Fed.Reg. 28951 (1975). Agency regulations promulgated pursuant to specific congressional authority are presumptively valid and are entitled to great deference. *Griggs v. Duke Power Co.,* 401 U.S. 424, 433–34, 91 S.Ct. 849, 28 L.Ed.2d 158 (1971). In view of the foregoing, the Court concludes that the information alleged to have been divulged was a personal opinion stated from memory, not constituting a disclosure of a record within the meaning of the Privacy Act. *See, Greene v. Veteran's Administration,* Civil No. 76–461 (M.D.N.C., July 3, 1978).

Furthermore, it has been recognized that, although the Privacy Act does not define disclosure, the term denotes the imparting of information which in itself has meaning and which was previously unknown to the person to whom it is imparted. *Harper v. United States,* 423 F.Supp. 192, 197 (D.S.C.1976). Since the record establishes that the information at issue here was publicly known prior to the publication of the June 25, 1976, article, there has been no wrongful disclosure in violation of the Privacy Act.

As to plaintiff's second claim for damages under the FOIA, it is clear that the basic purpose of the Act is to promote disclosure of information. The exceptions, contained in the Act, protect only against required release of information and are not

to be interpreted in any way as a restriction on government disclosure. *Chrysler Corp. v. Brown,* —— U.S. ——, 99 S.Ct. 1705, 60 L.Ed.2d 208 (1979); *Charles River Park "A", Inc. v. Department of Housing and Urban Development,* 171 U.S.App.D.C. 286, 519 F.2d 935 (1975). In addition the FOIA does not provide for money damages as a remedy for disclosure of exempt information. Accordingly, since plaintiff has failed to state a cognizable claim under this Act, defendant's motion to dismiss is granted.