Charles J. SAVARESE, Jr.

v.

**UNITED STATES DEPARTMENT OF HEALTH, EDUCATION AND WELFARE and George A. Reich.**

Civ. No. C78–243A.

United States District Court,
N. D. Georgia,
Atlanta Division.

Sept. 27, 1979.

Drew A. Laughlin and William M. Bowen, Bowen, Cooper, Beard & Smoot, Hilton Head Island, S. C., John J. Dalton and Daniel S. Reinhardt, Troutman, Sanders, Lockerman & Ashmore, Atlanta, Ga., for plaintiff.

William L. Harper, U. S. Atty. and Robert J. Castellani, Asst. U. S. Atty., Atlanta, Ga., for defendants.

## ORDER

O'KELLEY, District Judge.

This action brought pursuant to the public information provisions of the Privacy Act, 5 U.S.C. § 552a *et seq.*, and the law of defamation is before the court on both plaintiff's and defendants' motions for summary judgment. Plaintiff alleges that certain information contained in the records of the United States Public Health Service of the Department of Health, Education and Welfare is "inaccurate, incomplete, false and misleading." Plaintiff further alleges that he has requested that the records in question be reviewed and amended so as to correct the alleged inaccuracies and that defendants have refused to comply with his request. Plaintiff not only seeks to have the alleged inaccuracies corrected pursuant to 5 U.S.C. § 552a(g)(1)(A) but also seeks damages pursuant to 5 U.S.C. § 552a(g)(4). Finally, plaintiff states a pendent claim under the law of defamation.

In 1976 plaintiff in this action was a commissioned officer in the United States Public Health Service of the Department of Health, Education and Welfare. In July of that year plaintiff was stationed at Beaufort-Jasper Comprehensive Health Service, Inc. in South Carolina. While plaintiff was stationed in South Carolina some disagreement arose between plaintiff and his superiors concerning alleged absences by plaintiff from his duty station. Defendant Reich, acting as Regional Health Administrator for Region IV of the Public Health Service and as plaintiff's superior officer, made some attempts to remedy whatever misunderstandings had occurred. During July plaintiff agreed to a transfer from the Beaufort-Jasper clinic to a public health facility in Tchula, Mississippi. Defendants contend that plaintiff absented himself without leave from the Beaufort-Jasper clinic prior to receiving transfer orders to proceed to Mississippi. A declaration to that effect is contained in the central rec-

ords of the Public Health Service in Rockville, Maryland. Plaintiff's absence without leave status was removed upon his arrival in Mississippi. Plaintiff contends that at no time was he absent without leave and seeks correction of the records in question.

In May of 1977 the Public Health Service issued orders relieving plaintiff of his duties and terminating his appointment as a commissioned officer in the Public Health Service. Subsequent to plaintiff's termination, defendant Reich was contacted by representatives of the Department of Family Medicine of East Carolina Medical School. During one telephone conversation Dr. Reich indicated a negative experience regarding the plaintiff's obedience to rules and regulations. Dr. Reich also indicated that there had been prolonged problems with plaintiff's employment and that at one time he had been absent without leave. This report was formalized in a letter from defendant Reich to the Chairman of the Department of Family Medicine at East Carolina Medical School. In that letter defendant Reich confirmed his recommendation that plaintiff not be hired and again indicated that plaintiff was absent without leave on at least one occasion. The telephone conversations as well as the letter form the basis of plaintiff's claim for damages under the Privacy Act and for defamation.

Section 552a(d) of the Act states in part that

> [e]ach agency that maintains a system of records shall—

> . . . . .

> (2) permit the individual to request amendment of a record pertaining to him and—

> . . . . .

> (B) promptly, either—

> (i) make any correction of any portion thereof which the individual believes is not accurate, relevant, timely, or complete; or

> (ii) inform the individual of its refusal to amend the record in accordance with his request

> . . . . .

■ The agency is not required to place information into its records simply because the subject in question requests such action, and neither is the agency required to remove information from its records upon request. The agency is, however, required to

> maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination

> . . . .

5 U.S.C. § 552a(e)(5). This test of reasonableness has been applied by the courts in cases such as the present one, so that if the court determines that the agency has done what is reasonable in assuring the accuracy of the information included, no more is required. *See Smiertka v. U. S. Department of Treasury*, 447 F.Supp. 221, 226 n.35 (D.D.C.1978), *remanded on other grounds*, 196 U.S.App.D.C. 34, 604 F.2d 698 (D.C. Cir. 1979).

■ Defendant seeks to establish through a great deal of evidence that it acted reasonably in placing information in plaintiff's file concerning poor job performance and the circumstances of an incident in which plaintiff was allegedly absent without leave. In opposition to defendants' motion for summary judgment on this ground, plaintiff points to a portion of an exhibit to defendants' answers to interrogatories. Said exhibit is a copy of a letter from plaintiff to defendants. In that communication plaintiff sets out in detail the basis for his claim that the records involved contain false information which should be changed. This letter and the details set out therein materially contradict defendants' version of the facts and, if proven, a factual basis for relief may be shown. Clearly, however, there is a factual dispute not only as to whether the information in the report

is true but, more importantly, whether the agency's determination was made reasonably so as to assure fairness to the plaintiff. *See* 5 U.S.C. § 552a(e)(5). Factual issues concerning reasonableness are not easily disposed of on summary judgment, and where, as here, the facts are clearly in dispute, summary judgment is particularly inappropriate. Accordingly, defendants' motion for summary judgment as to count I is hereby denied. Plaintiff's motion for summary judgment does not address count I.

Plaintiff alleges in count II that defendant Reich, having access to agency records, did unlawfully disseminate information contained therein. Both plaintiff and defendants have moved for summary judgment as to count two. Section 552a(b) of Title 5 of the United States Code forbids disclosure of

> any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains
>
> · · · ·

■ There are, in addition, eleven exceptions to this rule. The defendants do not contend that any of those exceptions apply in this case. Instead, defendants contend that the information disclosed was not in a "system of records" as defined by the Act and the information disclosed was based on independent knowledge and not agency files. A "system of records" as defined by the Act consists of any group of agency records

> under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol, or other identifying particular assigned to the individual
>
> · · · ·

5 U.S.C. § 552a(a)(5). Defendant contends that the information disclosed was contained only in the general correspondence and program files which are not keyed for retrieval by means of names or name-relat-

ed identifiers; hence, there being no "system of records," defendant contends that the disclosure prohibitions do not apply. Defendant shows that Dr. Reich's "program file" is a general file relating to the Public Health Services' regional activities in general, and the plaintiff agrees that it is not a "system of records" within the meaning of the Privacy Act. It is undisputed that the program files are not keyed for retrieval by name or name-related identifiers. As to the correspondence file, plaintiff's supervisor, Dr. Reich, states that his "reading file" is maintained only by sequential dates of the letters therein. He also states that if plaintiff requested documents therein, the only manner of retrieval would be a manual search of the entire file. Clearly, then, that file is not keyed to retrieval by names or identifiers. Under defendant's undisputed evidence, therefore, neither the "reading file" nor the "program file" are systems of records under the Privacy Act's definitions.

■ It is evident from the matters before the court that at least a portion of the information which Dr. Reich communicated to third persons was contained in a system of records at the central office of the Public Health Service in Rockville, Maryland. The uncontradicted evidence shows, however, that Dr. Reich at no time referred to or otherwise utilized information retrieved from that system of records. Instead, the contents of Dr. Reich's communications were based on knowledge obtained from other Public Health Service employees working with plaintiff. As plaintiff's commanding officer, it was Dr. Reich's duty to review, evaluate, and assist personnel under his command. It is true that the information pertinent to this action which was contained in the Public Health Service's system of records in Maryland emanated from Dr. Reich's command; however, the converse is not true. The information which Dr. Reich communicated was not disclosed from the system of records in Maryland.

Again, the pertinent section of the Privacy Act states that

[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person . . . .

5 U.S.C. § 552a(b). It is plaintiff's contention that because the information which Dr. Reich disclosed was in a system of records in the agency, the information could not be disclosed without permission. Although the language of the Act is not a model of clarity or precision, the court finds such an interpretation to be implausible.

Under plaintiff's view no government employee could utter a single word concerning any person without first reviewing all systems of records within the agency to determine whether or not the information in question was contained therein. In day-to-day operations of the federal government, officials are appropriately called on to make numerous statements concerning persons who may have information concerning them contained in a system of records somewhere within the agency. It borders on the absurd to contend that all officials should have a pansophic recall concerning every record within every system of records within the agency. By way of example only, should Dr. Reich inform a prospective employer that a Public Health Service employee was an outstanding worker and had never missed a day at work, it is certainly conceivable that such information could, to Dr. Reich's knowledge, be contained in a system of records within the agency, even though Dr. Reich had never seen such records. Under plaintiff's interpretation of the Act, if that information was intentionally disclosed, the United States could be liable for a minimum of $1,000.

Instead, the court finds, after consideration of the Act's stated purpose, that for a disclosure to be covered by section 552a(b), there must have initially been a retrieval from the system of records which was at some point a source of the information. The court's interpretation is also supported by the stated congressional findings concerning the Privacy Act. In pertinent part those findings state that

(1) the privacy of an individual is directly affected by the collection, maintenance, use, and dissemination of personal information by Federal agencies;

(2) the increasing use of computers and sophisticated information technology, while essential to the efficient operations of the Government, has greatly magnified the harm to individual privacy that can occur from any collection, maintenance, use, or dissemination of personal information;

(3) the opportunities for an individual to secure employment, insurance, and credit, and his right to due process, and other legal protections are endangered by the misuse of certain information systems . . . .

Pub.L. No. 93–579, § 2, 88 Stat. 1896.

As the above-quoted findings clearly indicate, Congress had as its purpose the control of the unbridled use of highly sophisticated and centralized information collecting technology. The capacity of computers and related systems to collect and distribute great masses of personal information clearly poses a threat that the Privacy Act seeks to remedy. That problem is not, however, present in this action. On the contrary, there was no utilization whatsoever of such an information system to retrieve the information at issue in this case. It may have been in such a system, but the uncontradicted evidence shows that no retrieval or disclosure from such a system was present.

As the above shows, this case presents a fairly clear-cut situation. The commanding officer through communication with his subordinates in the region was provided with certain information concerning plaintiff. That information simply did not emanate from the central information and record center in Maryland. There will certainly be cases where it will be difficult to determine whether certain information disclosures in fact originated from a system of records; however, the undisputed facts in this case show that no such system was utilized. Dr. Reich was not the custodian of

the system of records and in fact had no knowledge of its precise contents. Accordingly, and for the above-stated reasons, the court hereby grants defendants' motion for summary judgment as to count II and denies plaintiff's motion for summary judgment, which addresses only count II.

█ Defendants also move for summary judgment as to count III. That count alleges a pendent state claim against Dr. Reich for defamation. Defendants base their summary judgment motion on the ground that Dr. Reich, acting within the scope of his official duties, is entitled to immunity from personal liability in a civil tort suit. *See Barr v. Matteo*, 360 U.S. 564, 79 S.Ct. 1335, 3 L.Ed.2d 1434 (1959); *Granger v. Marek*, 583 F.2d 781 (6th Cir. 1978). In that defendant Reich's motion as to count III appears meritorious and because plaintiff has not opposed said motion as to count III, the court finds that summary judgment for defendant should be and hereby is granted as to count III. Since count I is not addressed to defendant Reich, there is no claim pending as to him. Because there appears no just reason for delay, the court, pursuant to rule 54(b) of the Federal Rules of Civil Procedure, hereby directs the clerk to enter judgment for defendant Reich.

As stated above, defendants' motion for summary judgment as to count II is granted and as to count I is denied. Plaintiff's motion for summary judgment is denied. The clerk is directed to place this matter on the trial calendar at the earliest practicable date.