**Joseph W. DOYLE, Plaintiff-Appellant,**

v.

**John BEHAN, Administrator of Veterans' Administration, Defendant-Appellee.**

**No. 81–1204
Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

March 15, 1982.

Lonnie W. Duke, San Antonio, Tex., for plaintiff-appellant.

Jeremiah Handy, Asst. U. S. Atty., San Antonio, Tex., for defendant-appellee.

Before BROWN, POLITZ and WILLIAMS, Circuit Judges.

PER CURIAM:

Joseph W. Doyle is a former counseling psychologist employed by the Veterans' Ad-

ministration at the San Antonio branch unit of the Houston Regional Office. Following receipt of reports of Doyle's sexual advances toward female beneficiaries assigned to him for counseling, the VA commenced an investigation. On December 7, 1978, Doyle's attorney demanded, pursuant to the Freedom of Information Act [FOIA] and the Privacy Act, all documents in the investigative file. On December 26, 1978, the VA's Assistant Inspector General for Investigation responded to counsel's request, claiming that the documents were exempt from disclosure under 5 U.S.C.

§§ 552(b)(7)[1] and 552a(d)(5),[2] primarily because disclosure at that time would interfere with a pending investigation.

By letter dated February 14, 1979, Doyle was informed of his proposed termination.[3] Doyle's counsel repeated his requests and the majority of the documents were furnished. In addition, the VA made available the "evidence file" containing the materials relied on to support the proposed discharge. Doyle complains about certain documents the VA declined to make available.[4]

On February 14, 1979, Dorothy Starbuck, the Chief Benefits Director of the VA, was

---

1. 5 U.S.C. § 552(b)(7) reads:
   This section does not apply to matters that are—
   (7) investigatory records complied for law enforcement purposes, but only to the extent that the production of such records would (A) interfere with enforcement proceedings, (B) deprive a person of a right to a fair trial or an impartial adjudication, (C) constitute an unwarranted invasion of personal privacy, (D) disclose the identity of a confidential source and, in the case of a record compiled by a criminal law enforcement authority in the course of a criminal investigation, or by an agency conducting a lawful national security intelligence investigation, confidential information furnished only by the confidential source, (E) disclose investigative techniques and procedures, or (F) endanger the life or physical safety of law enforcement personnel;
   . . . .

2. 5 U.S.C. § 552a(d)(5) provides that "nothing in this section [section 552a] shall allow an individual access to any information compiled in reasonable anticipation of a civil action or proceeding."

3. The letter communicated to Doyle his right to reply:
   2. You have the right to reply to this notice orally or in writing or both orally and in writing; and to submit affidavits in support of your reply, showing why this notice is inaccurate and any other reasons why your proposed removal should not be effected. The evidence on which this notice of proposed action is based will be available for your review in the office of Mr. Joseph Brewer, Supervisor, San Antonio Branch Unit Counseling and Rehabilitation Section. You will be allowed 8 hours of official duty time for reviewing the evidence relied on to support the reasons in this notice, preparing a written reply, securing affidavits, and for

making a personal reply. Arrangements for the use of official time or requests for additional time should be made through your immediate supervisor.
   3. You will be given until the close of business on the tenth day from the date of your receipt of this notice to reply to these reasons personally or in writing, or both personally and in writing. Your written reply should be submitted through me to the Chief Benefits Director. The Chief Benefits Director will receive your personal reply, or she will designate an official or officials to receive it. If you do not understand the above reasons why your removal is proposed, contact me, or the Regional Office Director, for further explanation.
   4. The final decision to effect the action proposed has not been made. The Chief Benefits Director, who will make the final decision, will give full and impartial consideration to your reply, if a reply is submitted.
   5. If it is the decision of the Chief Benefits Director that you be removed, your removal will be effective not less than 30 calendar days from the day after the date of your receipt of this notice.
   6. You will be given a written decision as soon as possible after your reply has had full consideration, or after the close of business on the date specified in paragraph 3, if you do not reply.
   7. You will be retained in an active duty status during the period of advance notice.

4. Doyle contends he was entitled to receive the following: (1) records of any test administered by the VA to the three complaining beneficiaries; (2) the complete counseling records of the three complaining beneficiaries; (3) a copy of the investigator's summary of findings and recommendations; and (4) the authority for the VA to monitor telephone conversations between Doyle and other individuals without first informing Doyle that the calls were being monitored.

notified by the Field Director of the Western Region, John Travers, that Doyle was to be removed. On that day, she was furnished a copy of the termination letter. Because Congressman Henry Gonzalez had manifested an abiding interest in the VA facilities and staff in his congressional district, Starbuck telephoned the congressman's office and informed Gail Beagle, a congressional staff member, that Doyle was being dismissed.

In the instant suit, Doyle claims that information was withheld wrongfully under the FOIA and that Starbuck's conversation with Beagle violated a provision of the Privacy Act, 5 U.S.C. § 552a(b). Both parties moved for summary judgment. The trial judge granted defendant's motion. We affirm.

### 1. Exceptions to disclosure

In discussing Doyle's disclosure claims (set forth in footnote 4), the district court reasoned that the VA properly withheld the first two items according to the Veteran's Benefits statutes, particularly 38 U.S.C. § 3301(a) which provides:

> All files, records, reports and other papers and documents pertaining to any claim ... administered by the Veterans' Administration ... in the possession of the Veterans' Administration shall be confidential and privileged, and no disclosure thereof shall be made ....

■ The counseling records, tests, and psychological profiles of the three females who reported Doyle's advances are covered by this statutory umbrella of confidentiality. A number of exceptions are enumerated in section 3301, but none is suggested, nor do we note any, as applicable. The trial court correctly upheld the administrator's decision to withhold these records.

■ Doyle complains that the investigator's summary was not made available to him. No merit exists in this contention. Prior to February 14, 1979, the file was the product of a pending investigation and the request for disclosure did not have to be honored under the FOIA. 5 U.S.C. § 552(b)(7)(A). See N. L. R. B. v. Robbins

Tire & Rubber Co., 437 U.S. 214, 98 S.Ct. 2311, 57 L.Ed.2d 159 (1978). After completion of the investigation, the evidence file was made available to Doyle. We find no credible support for the suggestion that a summary was secreted from the file so as to deny Doyle access. We concur with the trial judge's conclusions in this regard.

■ Doyle's final complaint relates to the demand for a copy of the authority for the VA to monitor his telephone conversations. In response to this request, the VA advised Doyle that the practice was authorized by federal law. The trial judge understood this to mean that no documentary information existed, obviously other than the statute, and there was nothing to produce. Doyle does not contravene this position and we discern no basis upon which to find that a genuine dispute of a material fact exists.

### 2. Unauthorized disclosure of information

The most serious matter raised by Doyle in this appeal relates to Starbuck's conversation with Beagle concerning the charges against Doyle and his impending discharge. Doyle maintains that this communication was a willful and intentional disclosure of records protected by the Privacy Act, constituting a violation of 5 U.S.C. § 552a(b). This section provides:

> No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains ....

The VA's position, as supported by Starbuck's affidavit, is that the content of her telephone communication with Beagle did not include the disclosure of a record contained in a system of records, but was based on memory and personal knowledge developed as the case unfolded. Specifically, in her affidavit Starbuck said: "In my conversation with Mrs. Beagle, I did not rely primarily on the proposed removal letter in giving her the message intended for the Congressman, but rather on my oral discussion with Mr. Travers and my previous

 

knowledge of the case as it developed from September 1978 to the date of the conversation."

Citing *King v. Califano,* 471 F.Supp. 180 (D.C.D.C.1979), and *Savarese v. United States Dept. of Health,* 479 F.Supp. 304 (N.D.Ga.1979), *aff'd,* 620 F.2d 298 (5th Cir. 1980), *cert. denied,* 449 U.S. 1078, 101 S.Ct. 858, 66 L.Ed.2d 801 (1981), the trial court reasoned that the "information imparted was merely a conclusionary statement from the utterer's memory," and ruled that a system of records had not been utilized by Starbuck to gather the information conveyed to Beagle. Further, the district court noted that according to Starbuck's affidavit, the "information was acquired independent of the records pertaining to Mr. Doyle."

On appeal, Doyle does not challenge the rationale of the *King* and *Savarese* decisions, that remarks based upon independent knowledge and not from an examination of an individual's records kept by the agency, do not violate the Privacy Act. Instead Doyle attempts to distinguish those cases by asserting that Starbuck's communication to Beagle contained data retrieved from VA files.

This naked allegation, however, is not sufficient to raise a genuine dispute of material fact in the face of Starbuck's affidavit. As against a motion for summary judgment, a litigant is required to present more than unsupported pleadings or allegations. Fed.R.Civ.P. 56(e). Doyle was required to come forth with evidence indicating that a triable issue of fact existed with regard to the informational source of Starbuck's conversation with Beagle.[5] He did not do so.

From Starbuck's testimony, the trial court concluded that the information transmitted to Beagle was not retrieved from a system of agency records within the intendment of the Privacy Act; thus, the VA was entitled to summary judgment. Because we agree that 5 U.S.C. § 552a(b) forbids only the disclosure of such records, and considering that the only evidence offered on the issue is to the effect that the February 14, 1979 telephone conversation between Starbuck and Beagle was not drawn from agency record, we perceive no error in that disposition.

The judgment of the district court is AFFIRMED.

---

5. Neither the record nor Doyle's brief indicates that Beagle was questioned with regard to the February 14, 1979 telephone call from Starbuck. There is no explanation of this obvious void. Beagle's recollection of the conversation might have addressed the particulars and the detail. Since the VA's defense of the Privacy Act claim is grounded on the theory that Starbuck did not utilize agency records to formulate her statements to Beagle, her remarks are contended to have been general in nature. If Starbuck's comments had been specific, a matter about which Beagle could have testified, a triable issue of fact may have been demonstrated.

The distinction was recognized by the trial court: "Had the disclosure in this case involved the retrieval of explicit detail from the records regarding episodes investigated, or other information of a specific nature, the plaintiff may well have stated a case under the Privacy Act." But in view of the lack of evidence traversing Starbuck's affidavit account, we must agree with the district court that "no such disclosure is at issue." A genuine dispute may not be predicated on speculation as to what might later be proven.