**James K. OLBERDING, Appellant,**

v.

**UNITED STATES DEPARTMENT OF DEFENSE, DEPARTMENT OF the ARMY, Appellee.**

**No. 82–2192.**

United States Court of Appeals, Eighth Circuit.

Submitted May 20, 1983.

Decided June 17, 1983.

Mark W. Bennett, Faith L. O'Reilly, Babich, Bennett & Nickerson, Des Moines, Iowa, for appellant.

Richard C. Turner, U.S. Atty., Christopher D. Hagen, Asst. U.S. Atty., Des Moines, Iowa, for appellee.

Before BRIGHT and McMILLIAN, Circuit Judges, and NICHOL, Senior District Judge.[*]

PER CURIAM.

James K. Olberding appeals the district court's[1] dismissal of his action for damages against the Department of Defense for violation of the Privacy Act of 1974, 5 U.S.C. § 552a. We affirm.

The district court found that various army officers had disclosed that Olberding, then serving as a commissioned officer in the army, had undergone a psychiatric examination and that the examination revealed no mental disease or disorder. However, the district court dismissed the action on grounds that the disclosures were not

---

[*] FRED J. NICHOL, United States Senior District Judge for the District of South Dakota, sitting by designation.

[1] The Honorable Harold D. Vietor, United States District Judge for the Southern District of Iowa.

made as the result of any retrieval of information from the examining psychiatrist's report on Olberding. The district court explained:

The crucial question in this case—whether there were disclosures prohibited by section 552a(b)—must be answered in the negative. The disclosures of which plaintiff complains were not made as a result of any retrieval of the disclosed information from the copy of Dr. Green's report in the Madigan Army Medical Center files. The disclosures all flowed from General Shea's order to plaintiff to report to Fort Lewis with his medical records, and from General Shea's knowledge of the psychiatric examination, which he ordered, and his knowledge of the results, which he obtained directly from Dr. Green with plaintiff's consent. Neither General Shea nor any other officer of defendant retrieved from the Madigan Army Medical Center files the psychiatric examination record or any information from that record.

It is this court's conclusion, * * * that the only disclosure actionable under section 552a(b) is one resulting from a retrieval of the information initially and directly from the record contained in the system of records. * * *

[T]he information possessed by General Shea, including the original of Dr. Green's report, did not constitute a "record" which was "contained in a system of records" within the meaning of section 552a(b), even though the information was identical to that contained in Madigan Army Medical Center's system of records. The interpretation contended for by plaintiff—that section 552a(b) is violated if agency personnel disclose information they possess by means other than retrieval from a system of records if they know or have reasonable grounds to believe that the information may also be found in a record contained in a system of records—would create an intolerable burden and would expand the Privacy Act beyond the limits of its purpose, which is to preclude a system of records from serving

as the *source* of personal information about a person that is then disclosed without the person's prior consent.

The district court's analysis is in accord with a number of cases decided under the Privacy Act. *See, e.g., Jackson v. Veterans Administration,* 503 F.Supp. 653, 654–57 (N.D.Ill.1980); *Savarese v. United States Dep't of Health,* 479 F.Supp. 304, 307–09 (N.D.Ga.1979), *aff'd sub nom. Savarese v. Harris,* 620 F.2d 298 (5th Cir.1980); *King v. Califano,* 471 F.Supp. 180, 181 (D.D.C.1979). Moreover, Olberding cites no case supporting his contention that the Privacy Act has been violated where the disclosure of information arose from the personal knowledge of an individual, and not from retrieval of information from a government report.

After careful examination of the record and briefs in this case, we conclude that the district court committed no error of law or fact. Accordingly, we affirm, adopting the reasoning of the district court's thorough opinion reported at 564 F.Supp. 907 (S.D. Iowa 1982).