Barbara Bailey HOWARD, Plaintiff,

v.

John O. MARSH, Jr., Secretary of the Army, Defendant.

No. 82–587C(2).

United States District Court,
E.D. Missouri.

Dec. 30, 1986.

---

**854**

Barbara Howard, pro se.

Wesley D. Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., Peter B. Loewenberg, HQDA, DAJA–LTC., Washington, D.C., for defendant.

## MEMORANDUM

FILIPPINE, District Judge.

This matter is before the Court on remand from the Eighth Circuit for further proceedings consistent with its opinion reversing this Court's judgment in *Howard v. Marsh*, 596 F.Supp. 1107 (E.D.Mo.1984), *rev'd*, 785 F.2d 645 (8th Cir.1986).

Plaintiff, an employee of the Department of the Army Troop Support & Aviation Materiel Readiness Command ("TSAR-COM"), brought this suit against the Secretary of the Army claiming a violation of the Privacy Act of 1974, 5 U.S.C. § 552a.

The Court will summarize the events which brought about this action since they have already been described in greater detail in the prior proceedings. 785 F.2d at 646–47; 596 F.Supp. at 1107.

Plaintiff initiated an administrative complaint of employment discrimination in September, 1980. In December, 1980, she was downgraded from her position. Her discrimination complaint was investigated by the United States Army Civilian Appellate Review Agency ("USACARA") in January, 1981, and a Report of Investigation ("ROI") concluding sex discrimination had occurred and recommending reinstatement of plaintiff as an EEO Officer was submitted in April, 1981, to the Department of the Army Materiel Development & Readiness Command ("DARCOM") (the higher headquarters of TSARCOM). The ROI was referred to the Commander of TSAR-COM, Major General Emil L. Konopnicki, to reject, modify, or approve the recommendations. Konopnicki determined the file imcomplete and authorized his staff to compile the documents necessary to complete the file. TSARCOM employees, Roger Willenbrink, an attorney, and Valada Henson, a personnel specialist, prepared a memorandum stating management's position and rebutting the ROI attaching 111 exhibits which came from the existing files in the TSARCOM Office, Office of the Chief of Staff, the Deputy Commander's Office, and the Civilian Personnel Office.

The Court in its earlier opinion held the investigation authorized by Konopnicki resulted in improper disclosures to Willenbrink and Henson violative of the Privacy Act and that the violation resulted in adverse effect to plaintiff.

The Eighth Circuit reversed holding the disclosures occurring during preparation of the agency rebuttal came within the exception in subsection (b)(1) of the Privacy Act. 5 U.S.C. § 552a. The Court of Appeals concluded "that the EEOC regulations do not prevent the Army from consulting its own personnel files or other records pertaining to a claim of employment discrimination." 785 F.2d at 649.

Since this Court had found the disclosures to Willenbrink and Henson improper and determined that actual damages and costs did not exceed $1,000, it did not discuss a number of disclosures alleged in addition to that of Willenbrink and Henson. Therefore, the Eighth Circuit remanded the case for a discussion of other alleged disclosures.

The Eighth Circuit's holding, while concerned primarily with disclosures made to Willenbrink and Henson, validates alleged disclosures made to others in the chain of command beneath Konopnicki and those involved in processing plaintiff's employment discrimination claim.

▮▮ In post-trial briefs, plaintiff claims that improper disclosures were made to Major General Thompson at the Pentagon and Colonel Goodall, a retired Army officer. No credible evidence was offered at trial supporting this claim. Furthermore, information disclosed from documents not in a system of records, or from personal knowledge of other agency employees is not a violation of the Privacy Act. *See Swarese v. United States Dept. of Health,* 479 F.Supp. 304, 307 (N.D.Ga. 1979). Thus plaintiff's conclusion that letters written by Thompson and Goodall and included in the agency rebuttal could only have been written after a review of the files is not a valid assumption.

▮ On June 22, 1981, Konopnicki forwarded to plaintiff a "Notice of Proposed Disposition of Discrimination Complaint" containing four enclosures. A complete set of documents referred to in Enclosure 4, entitled "Documentation of Unsatisfactory Performance," was delivered to TSARCOM's Acting EEO Officer, Paul Bigby, for certification of authenticity for use in plaintiff's pending discrimination suit in federal court. The documents sat in Bigby's office from June through August, 1981. Plaintiff argues that Bigby should not have had the documents in the first place. She further argued that testimony by Julius Crouch, an EEO Specialist for TSARCOM, that he had seen the documents sitting in Bigby's office and had called the legal office for the purpose of having them take back the documents, indicated that it was likely that the documents had been disclosed to others. With regard to his latter argument, plaintiff offered no evidence that the documents were, in fact, disclosed to others, and therefore the Court finds no violation of the Act on this point.

▮ With regard to the former argument, that Bigby should not have seen the documents, the Court notes first, that Bigby had the documents for a routine use, certifying them for trial. Secondly, Bigby was TSARCOM's Acting EEO Officer and therefore would be permitted to view the documents insofar as it concerned processing her employment discrimination claim. Thus, the Court finds that disclosure to Bigby did not violate the Privacy Act.

The only disclosure that did not involve the processing and determination of her discrimination claim was the disclosure made to Julius Crouch pursuant to a request under the Freedom of Information Act.

▮ Section (b)(2) of the Privacy Act creates an exception to nondisclosure when disclosure of the documents is required by the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552. Crouch filed a request under FOIA to obtain the agency rebuttal documents because he felt they might be relevant to his own pending discrimination

complaint. Subsection (b)(6) excepts "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy" from disclosure under FOIA. 5 U.S.C. § 552(b)(6). Since two of the exhibits in the file requested came from plaintiff's personnel file, Crouch's request was submitted to Richard Jensen, an Agency Staff Attorney to evaluate the interest Crouch had in the documents versus the privacy interests of plaintiff. In view of the fact that Crouch already knew a great deal of personal information about plaintiff because she had been his supervisor, and that the overwhelming majority of documents in the requested file concerned plaintiff's performance of duties and not private information about plaintiff, Mr. Jensen found that on the balance, Crouch's obtaining the file would not constitute an unwarranted invasion of plaintiff's privacy. Furthermore, although Crouch testified at plaintiff's administrative hearing in December, 1981, he did not receive the requested documents until January or February, 1982, and therefore there was no adverse impact as plaintiff had claimed.

The Court is satisfied from the evidence presented that disclosure of the file to Crouch pursuant to his FOIA request was proper and that plaintiff was not adversely affected by such disclosure.

The Court concludes that none of the alleged disclosures claimed by plaintiff violate the Privacy Act, and therefore finds in favor of defendant on all claims.