596 F.Supp. 1107 (1984)
Barbara Bailey HOWARD, Plaintiff,
v.
John O. MARSH, Jr., Secretary of the Army, Defendant.
No. 82-587C(2)
United States District Court, E.D. Missouri.
April 4, 1984.
On Motion To Alter Or Amend Judgment September 13, 1984.
*1108 Barbara Bailey Howard, pro se.
Wesley D. Wedemeyer, Asst. U.S. Atty., St. Louis, Mo., Peter B. Loewenberg, Washington, D.C., for defendant.

MEMORANDUM
FILIPPINE, District Judge.
This matter is before the Court for a decision on the merits after trial to the Court. Plaintiff brings this action alleging that defendant disclosed records pertaining to her to certain individuals without her consent in violation of the Privacy Act of 1974, 5 U.S.C. § 552a. Plaintiff seeks compensatory and injunctive relief.
After consideration of the testimony adduced at trial, the exhibits, the parties' stipulation of uncontested facts, the parties' briefs and the applicable law, the Court enters the following Memorandum which it adopts as its findings of fact and conclusions of law in accordance with Rule 52(a), Fed.R.Civ.P.
Plaintiff is a citizen of the United States who resides within the territorial jurisdiction of this Court. From December, 1978, until July, 1982, plaintiff was an employee of Department of the Army Troop Support and Aviation Material Readiness Command ("TSARCOM"), St. Louis, Missouri. During that time period, plaintiff's job positions were that of GS-160-13 Equal Employment Opportunity ("EEO") Officer (December, 1978  February, 1981) and GS-2050-11 Supply Cataloger (February, 1981  July, 1982).
Defendant John O. Marsh, Jr., at all relevant times was Secretary of the Army. *1109 Plaintiff has instituted this action against defendant in his official capacity.[1]
This Court has jurisdiction over plaintiff's action under 28 U.S.C. § 1331, and 5 U.S.C. § 552a(g)(5). Venue is proper in the Eastern District of Missouri under 28 U.S.C. § 1391(e) and 5 U.S.C. § 552a(g)(5).
In September, 1980, plaintiff initiated a formal administrative complaint of employment discrimination concerning the denial of a within grade salary step increase. In December, 1980, plaintiff's supervisor, Colonel Booker T. McManus, proposed that plaintiff be downgraded from her position for unsatisfactory performance. An investigator from the United States Army Civilian Appellate Review Agency ("USACARA") conducted an investigation into plaintiff's discrimination complaint in January, 1981, and submitted his completed Report of Investigation ("ROI") on April 3, 1981, to Mr. George Jones, Director of Equal Employment Opportunity, Department of the Army Material Development and Readiness Command ("DARCOM"), (the immediate higher headquarters of TSARCOM), Alexandria, Virginia. The ROI concluded that the personnel actions (denial of within grade salary step increase and downgrade in position) taken against plaintiff were based on sex discrimination and recommended restoration of plaintiff to her position as EEO Officer.
The USACARA ROI was then referred to Major General Emil L. Konopnicki, Commander of TSARCOM, pursuant to Department of the Army Civilian Personnel Regulation ("DA CPR") 700 B-6(h)(1). Major General Konopnicki was vested with authority pursuant to DA CPR 713.B-6(h)(1) and 713B-7(b)(1) to "reject, modify, or approve the recommendations contained in the investigative file." After reading the entire ROI and its attachments, Major General Konopnicki determined that the ROI was incomplete. He therefore authorized his staff to compile all other appropriate existing documents pertaining to plaintiff in order to enable him to make his determination based upon a complete report.
Pursuant to Major General Konopnicki's authorization, Mr. Robert Willenbrink, Attorney in the TSARCOM legal office, with the technical assistance of Mrs. Valada Henson, a personnel specialist from the TSARCOM Civilian Personnel Office, reviewed pertinent files in the Equal Employment Opportunity Office and prepared a memorandum of rebuttal of the USACARA ROI entitled "Management Position and Rebuttal to USACARA's Report of 3 April 1981 In The Complaint of Ms. B. Bailey Howard." Attached to the memorandum were 111 exhibits. All of these exhibits came from existing files in the TSARCOM Office, Office of the Chief of Staff, the Deputy Commander's Office, and the Civilian Personnel Office.
Plaintiff contends that the disclosure of the records pertaining to her to Roger Willenbrink and Valada Henson violated her rights under the Privacy Act.
The pertinent provisions of the Privacy Act provide:
(b) Conditions of disclosure.  No agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains, unless disclosure of the record would be 
(1) to those officers and employees of the agency which maintains the record who have a need for the record in the performance of their duties;
....
(3) for a routine use as defined in subsection (a)(7) of this section and described under subsection (e)(4)(D) of this section.
5 U.S.C. § 552a(b)(1) and (3). Plaintiff may bring a civil action for a violation of section *1110 552a(b) only if she suffered an "adverse effect" as a result of the violation. 5 U.S.C. § 552a(g)(1)(D). See Parks v. United States Internal Revenue Service, 618 F.2d 677, 682-83 (10th Cir.1980). Additionally, in order to receive actual damages for a violation of the Act, plaintiff must show that the agency acted in a manner which was "intentional or willful." 5 U.S.C. § 552a(g)(4).
Defendant contends that plaintiff has not suffered a Privacy Act violation because (1) the disclosed documents were not within a "system of records" as defined by the Act, and (2) the disclosure of information pertaining to plaintiff to Willenbrink, Henson, and others fell within the exceptions contained in 5 U.S.C. § 552a(b)(1) and (3). Further, defendant argues that even if plaintiff has suffered a Privacy Act violation, she may not recover compensatory damages because (1) she has failed to show that she suffered any "adverse effect" as a result of the disclosure, and (2) she has failed to show that any of the violations were "willful or intentional." Finally, defendant contends that plaintiff may not obtain injunctive relief because such relief is not available for violations of 5 U.S.C. § 552a(b).
Defendant's argument that the documents attached to management's rebuttal memorandum were not within a "system of records" is without merit. The Privacy Act defines "system of records" to mean "a group of any records under the control of any agency from which information is retrieved by the name of the individual or by some identifying number, symbol or other identifying particular assigned to the individual." 5 U.S.C. § 552a(a)(5). Many of the documents incorporated in management's rebuttal memorandum were contained in plaintiff's personnel file and the EEO files maintained by defendant. Clearly, these documents were name retrievable and thus were within a "system of records" maintained by defendant. Cf. Hernandez v. Alexander, 671 F.2d 402 (10th Cir.1982); Parks v. United States Internal Revenue Service, supra. (Fact that EEO files and personnel files are "systems of records" was uncontroverted).
Equally unavailing is defendant's contention that the disclosure of the documents incorporated in management's rebuttal memorandum fell within the exceptions contained in 5 U.S.C. § 552a(b)(1) and (3).
Under Section 552a(b)(1), defendant contends that Major General Konopnicki had a "need for the record[s] in the performance of [his] duties" because he was required to accept, reject, or modify the USACARA report and because he believed additional documentation was necessary to make an informed decision. Willenbrink and Henson, defendant argues, also had a need for the records because they were authorized by Konopnicki to compile the additional documents.
Defendant's argument fails at its first premise. Regulations of the Equal Employment Opportunity Commission, expressly made applicable to the Department of the Army by 29 C.F.R. § 1613.202(b)(i) (1982), see Hernandez v. Alexander, 671 F.2d at 410, n. 7, required Konopnicki to make his decision "based on information in the complaint file." 29 C.F.R. § 1613.221(a). The only investigative documents that are to be included in the "complaint file" are documents contained in the "investigative file." 29 C.F.R. § 1613.222(d). Only persons who are not, "directly or indirectly, under the jurisdiction of the head of that part of the agency in which the complaint arose" are authorized to investigate and include documents in the "investigative file." 29 C.F.R. § 1613.216(a).[2] Thus, Konopnicki did not have authority to authorize Willenbrink and Henson, "employees under the jurisdiction of the head of that part of the agency in which the complaint arose," to conduct an independent investigation of the matters raised in plaintiff's discrimination complaint. Because the authorization *1111 was invalid, therefore, the Court finds that disclosure of records pertaining to plaintiff to Willenbrink and Henson was not "to those officers and employees of the agency ... who [had] a need for the record[s] in the performance of their duties" under 5 U.S.C. § 552a(b)(1).
Similarly, disclosure to Willenbrink and Henson was not "for a routine use" under 5 U.S.C. § 552a(b)(3). The Privacy Act defines "routine use" to mean, "with respect to the disclosure of a record, the use of such record for a purpose which is compatible with the purpose for which it was collected." 5 U.S.C. § 552a(a)(7). As indicated above, the documents in plaintiff's EEO files and personnel files were not collected to enable Konopnicki to conduct an independent investigation of the matters raised in plaintiff's discrimination complaint. Thus, the use of these documents by Willenbrink and Henson to prepare a rebuttal memorandum to the USACARA ROI was not a use which was compatible with the purpose for which the documents were collected. Therefore, defendant's argument that disclosure to Willenbrink and Henson falls under the "routine use" exception contained in 5 U.S.C. § 552a(b)(3) is without merit.
Consequently, because the Department of the Army, pursuant to Major General Konopnicki's authorization, disclosed records contained in a "system of records" to Willenbrink and Henson without plaintiff's consent, plaintiff may recover compensatory damages and costs of this action from defendant under the Privacy Act if she suffered an "adverse effect" as a result of the disclosure, 5 U.S.C. § 552a(g)(1)(D), and if the disclosure was "intentional or willful." 5 U.S.C. § 552a(g)(4)(A) and (B).
The Eighth Circuit Court of Appeals has held that mental distress or embarrassment constitutes an "adverse effect" under the Act. Parks v. United States Internal Revenue Service, 618 F.2d at 682-683. Plaintiff testified during the trial that she was "upset" and "embarrassed" as a result of the disclosure of the information contained in her personnel and EEO files. The Court finds her testimony in this respect to be credible. Thus, plaintiff has sufficiently shown an "adverse effect" as a result of the improper disclosure.
Finally, the Court finds that the improper disclosure was "intentional or willful" within the meaning of the Act. The legislative history of the Act provides some guidance in interpreting the words "intentional or willful":
In a suit for damages, the [compromise] amendment reflects a belief that a finding of willful, arbitrary or capricious action is too harsh a standard of proof for an individual to exercise rights granted by this legislation. Thus the standard was reduced to "willful or intentional" action by an agency. On a continuum between negligence and the very high standard of willful, arbitrary, or capricious conduct, this standard is viewed as only somewhat greater than gross negligence.
Analysis of House and Senate Compromise Amendments to the Federal Privacy Act, reprinted in 120 Cong.Rec. 40405, 40406 (1974).
In this case, it is clear that Major General Konopnicki intentionally authorized the improper disclosure to Willenbrink and Henson; no form of negligence was involved. Parks v. United States Internal Revenue Service, 618 F.2d at 683. Thus, the "intentional or willful" standard has been satisfied.
For the foregoing reasons, the Court finds that plaintiff has established that defendant violated the Privacy Act, that the violation resulted in an adverse effect to plaintiff, and that the violation was intentional. Thus, plaintiff may recover actual damages and costs under 5 U.S.C. § 552a(g)(4)(A) and (B). This subsection provides that "a person entitled to recovery [shall not] receive less than the sum of $1,000." Id. Because the Court finds that plaintiff's damages are less than $1,000.00, it will award the statutory minimum *1112 $1,000.00 sum to her, together with her costs in this action.[3]
Plaintiff also seeks injunctive relief ordering the defendant "to take steps to prevent the improper disclosure of records of its employees." Injunctive relief for violations of the disclosure provisions of the Privacy Act, however, is not available in this circuit. Parks v. United States Internal Revenue Service, 618 F.2d at 683-84. The Court will therefore find for defendant on plaintiff's claim for injunctive relief.

JUDGMENT
In accordance with the Memorandum filed this date and incorporated herein,
IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff shall have judgment against defendant in the sum of $1,000.00 on plaintiff's claim for actual damages.
IT IS FURTHER ORDERED, ADJUDGED, and DECREED that defendant shall have judgment against plaintiff on plaintiff's claim for injunctive relief.
IT IS FURTHER ORDERED that plaintiff's claim for injunctive relief be and is DISMISSED with prejudice.
IT IS FURTHER ORDERED that costs shall be taxed against defendant.

On Motion To Alter or Amend Judgment
This matter is before the Court on the motion of defendant to alter or amend judgment. Defendant has filed a memorandum in support of its motion. Plaintiff has filed a memorandum in response thereto.
After careful consideration of the issues raised by defendant in his motion, the Court reaffirms its earlier holdings on those issues. The Court believes, however, that a few matters need further elaboration in this memorandum.
First, the Court in its earlier memorandum referred to the case of Parks v. United States Internal Revenue Service, 618 F.2d 677 (10th Cir.1980), as being an Eighth Circuit case. The Court regrets the error and will amend its earlier memorandum to reflect the fact that Parks was a Tenth Circuit case. The rationale and holdings of Parks on the issues for which it was relied upon, however, are persuasive to this Court. Thus, the Court's present recognition of the fact that Parks was a Tenth Circuit case and not an Eighth Circuit case in no way affects this Court's earlier rulings and judgment.
Second, the Court believes an additional finding is appropriate on the issue of whether Major General Konopnicki's improper authorization of disclosure of documents pertaining to plaintiff was "intentional or willful" within the meaning of the Privacy Act. In its earlier memorandum, the Court found that said authorization was clearly intentional and thus satisfied the "intentional or willful" standard in the Act. In order to more fully explain the Court's rationale in finding an intentional violation, the Court today additionally finds that Major General Konopnicki made the improper authorization "without grounds for believing it to be lawful" and by "flagrantly disregarding [plaintiff's] rights under the Act." See Albright v. United States of America, 732 F.2d 181 at 189 (D.C.Cir.1984). The Court will incorporate this additional finding in its earlier memorandum.
In conclusion, with the corrections and additions referred to above, the Court reaffirms its earlier memorandum and judgment and accordingly will deny defendant's motion.
In accordance with the foregoing,
IT IS HEREBY ORDERED that defendant's motion to alter or amend judgment be and is DENIED.
*1113 IT IS FURTHER ORDERED that this Court's memorandum of April 4, 1984, be and is amended in the following respects:
(1) All references to the case of Parks v. United States Internal Revenue Service shall reflect that said case was decided by the Tenth Circuit Court of Appeals; and
(2) The finding made in the above memorandum concerning defendant's "intentional or willful" violation of the Privacy Act shall be incorporated in said April 4, 1984, Memorandum.
NOTES
[1] Plaintiff originally brought this action against Major General Emil L. Konopnicki, Commander, U.S. Army Troop Support & Aviation Material Readiness Command. At trial, on motion of defendant without objection by plaintiff, John O. Marsh, Jr., Secretary of the Army, was ordered substituted as the proper party defendant.
[2] In the Department of the Army, authority to investigate discrimination complaints is given only to USACARA. DA CPR 700.B-6(1).
[3] The Court need not decide whether subsequent disclosures to other individuals violated the Privacy Act. The Court finds that even if all the disclosures mentioned by plaintiff during trial and in her briefs were violative of the Privacy Act, plaintiff's total damages would not exceed the sum of $1,000.00.