**Barbara Bailey HOWARD, Appellee,**

v.

**John O. MARSH, Jr., Secretary of the Army, Appellant.**

**No. 84–2498.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 12, 1985.

Decided March 12, 1986.

Rehearing Denied May 29, 1986.

Marc Richman, Dept. of Justice, Washington, D.C., for appellant.

Barbara Bailey Howard, pro se.

Before BOWMAN, Circuit Judge, HENLEY, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

BOWMAN, Circuit Judge.

In this case, we confront the question whether an Army commander or other federal official who directs his staff to examine records of the agency he heads in order to respond to an employee's allegation of discrimination thereby violates the Privacy Act of 1974, 5 U.S.C. § 552a. After a bench trial, the District Court held that such an examination of agency records violated 5 U.S.C. § 552a(b). *See Howard v. Marsh*, 596 F.Supp. 1107, 1111 (E.D.Mo. 1984). We reverse.

From 1978 to 1982, plaintiff-appellee Barbara Bailey Howard was a civilian employee of the United States Army Troop Support and Aviation Materiel Readiness Command (TSARCOM) in St. Louis. In September 1980, Howard filed a formal administrative complaint of discrimination regarding the denial of a within-grade salary increase in her position as an Equal Employ-, ment Opportunity (EEO) officer. At the recommendation of her supervisor, Colonel Booker T. McManus, Howard was "downgraded" in December 1980 from her position as an EEO officer because of "unsatisfactory performance." Subsequently, an investigator from the United States Army Civilian Appellate Review Agency (USA-CARA) evaluated the allegations in Howard's discrimination complaint and issued a Report of Investigation (ROI). The investigator concluded in the ROI that Howard was denied the salary increase and was demoted because of sexual discrimination and recommended that she be reinstated as an EEO officer.

The USACARA ROI was submitted to George Jones, the Director of EEO at the Department of the Army Materiel Development and Readiness Command (DARCOM), which is the immediate higher headquarters for TSARCOM. The ROI was forwarded to TSARCOM where it was evaluated by Robert Willenbrink, an attorney with TSARCOM, and Brigadier General James Hesson, TSARCOM's Deputy Commander. After concluding that the ROI was incomplete, misleading, and biased, Willenbrink and Valada Henson, a personnel specialist with TSARCOM's Civilian Personnel office, prepared an "Agency Rebuttal" at the direction of TSARCOM's Commander, Major General Emil Konop-

nicki. This Agency Rebuttal consisted in large part of information from TSARCOM files. On the basis of the Agency Rebuttal, in June 1981 General Konopnicki rejected the ROI recommendation that Howard be reinstated.

In April 1982, Howard filed a complaint in the District Court, alleging that the disclosure to Willenbrink and Henson of documents concerning her in TSARCOM files violated the Privacy Act. The District Court held that the disclosure of Howard's employment record to Willenbrink and Henson violated the Privacy Act because the disclosure was not within any of the statutory exceptions authorizing disclosure. The District Court, in arriving at its decision, did not address a variety of other alleged disclosures arguably violative of the Privacy Act, instead relying only on the disclosures occurring during the preparation of the Agency Rebuttal. Thus, only the disclosures resulting from preparation of the Agency Rebuttal are properly before us. The Secretary concedes that Howard's remaining allegations still would be open on reversal and remand of this case.

The Privacy Act restricts the circumstances in which an agency may disclose records pertaining to an individual. Section 552a(b) of the Act states that "[n]o agency shall disclose any record ... to any person ... except pursuant to a written request by, or with the prior written consent of the individual to whom the record pertains" unless the disclosure falls within one of the statutory exceptions. The Secretary contends that the Act authorizes the disclosure here at issue under the exceptions contained in subsections (b)(1) and (3). Subsection (b)(1) permits the disclosure of a record "to those officers and employees of the agency which maintains the record who have a need for the record in the performance of their duties." Similarly, subsection (b)(3) authorizes the disclosure of a record "for a routine use." Because we believe that the disclosure in this case was within the ambit of subsection (b)(1), we conclude that the Privacy Act was not violated, and

we reverse the judgment of the District Court.

The District Court found that EEOC regulations applicable to the Army[1] required General Konopnicki to accept, reject, or modify the USACARA ROI based only on information in the complaint file. *See* 596 F.Supp. at 1110, citing 29 C.F.R. § 1613.-221(a). The court reasoned that

[t]he only investigative documents that are to be included in the "complaint file" are documents contained in the "investigative file." 29 C.F.R. § 1613.222(d). Only persons who are not, "directly or indirectly, under the jurisdiction of the head of that part of the agency in which the complaint arose" are authorized to investigate and include documents in the "investigative file." 29 C.F.R. § 1613.-216(a). Thus, Konopnicki did not have authority to authorize Willenbrink and Henson, "employees under the jurisdiction of the head of that part of the agency in which the complaint arose," to conduct an independent investigation of the matters raised in plaintiff's discrimination complaint.

*See* 596 F.Supp. at 1110 (footnote omitted). Since the court concluded that the investigation was improper, the court found that the disclosure of the records to Willenbrink and Henson was to employees who did not have a need for the records in performing their duties and that the disclosure therefore violated the Privacy Act. *Id.* at 1110–11.

■ The Secretary asserts that the District Court erroneously construed the regulations detailing the procedures an agency must follow when one of its employees files a discrimination complaint. The Secretary contends that while it is true that General Konopnicki could not conduct the official EEO investigation mandated by 29 C.F.R. § 1613.216(a), there is no statute or regulation that bars him from examining the records of the agency he heads to decide whether to make an informal adjustment of a discrimination complaint, to prepare the

1. *See* 29 C.F.R. § 1613.201(b)(i).

agency's response to a complaint, or to prepare for possible proceedings before the Merit Systems Protection Board or the Equal Employment Opportunity Commission should the disposition of the complaint eventually be appealed to those bodies. We agree.

We believe that the Army complied with the regulations governing Howard's administrative complaint of discrimination. After the filing of that complaint, USACARA conducted an investigation pursuant to section 1613.216. The investigator was a person neither directly nor indirectly "under the jurisdiction of the head of that part of the agency in which the complaint arose." 29 C.F.R. § 1613.216(a). Once the USACARA ROI was submitted to General Konopnicki, he directed Willenbrink and Henson to search TSARCOM's records for further information. On the basis of the Agency Rebuttal generated by this search, General Konopnicki forwarded to Howard a "Notice of Proposed Disposition of Discrimination Complaint" in accordance with the provisions of section 1613.217(b) dealing with the procedure to be followed when the parties have not arrived at an informal adjustment of the complaint. *See* 29 C.F.R. § 1613.217(b). We have found nothing, and indeed would be startled to find anything, that would prohibit TSARCOM from examining its records pertaining to Howard, a TSARCOM employee who had filed a discrimination complaint to which the agency needed to respond.[2]

■ We conclude that in the circumstances here presented TSARCOM's examination of its records pertaining to Howard was for a proper purpose and was not prohibited by the EEOC regulations applicable to the Army. This being the case, the disclosure of the records to TSARCOM employees Willenbrink and Henson comes

within the exception in subsection (b)(1) of the Act. Willenbrink was an attorney and Henson was a personnel specialist. Both individuals were employed in positions that made them appropriate persons to gather information concerning a discrimination complaint that had been filed against the agency, and the head of the agency directed them to do so. Accordingly, we hold that they had a need for the records in performing their duties, that subsection (b)(1) applies, and hence that the Privacy Act was not violated. The Tenth Circuit's decision in *Hernandez v. Alexander*, 671 F.2d 402 (10th Cir.1982), supports this result. The court in *Hernandez* held that the Army was not liable under the Privacy Act for disclosing the contents of the plaintiff's EEO file to a staff attorney and a personnel specialist to determine whether "adverse personnel action" should be taken against the plaintiff. *Id.* at 410. The court based its decision on subsection (b)(1), concluding that the employees had need of the files in performing their duties, which included giving advice on personnel matters. *Id.* We discern no reason to reach a different result in the present case.

■ The District Court relied on 29 C.F.R. § 1613.221 to arrive at its conclusion that TSARCOM's preparation of the Agency Rebuttal was improper and that the disclosure of the records to Willenbrink and Henson therefore was not necessary to the performance of their duties. We find this reliance misplaced. Section 1613.221(a) requires the agency head—who in the context of this section is the Secretary of the Army—or his designee[3] to make the final decision concerning the disposition of the discrimination complaint on the basis of information in the complaint file. We believe that the proceedings in the instant case were at the informal adjustment stage

2. Howard also argues that since the regulation relating to a hearing before a claims examiner directs the examiner to remand the case to the Director of EEO if he concludes that further investigation is necessary, the regulations preclude an agency from separately reviewing its own personnel files. *See* 29 C.F.R. § 1613.218(b). We disagree. There is simply no indication in this or any other regulation that an

agency is barred from reviewing its own files for the purpose of preparing its response to a complaint of employment discrimination.

3. The Secretary of the Army has designated the Director of Equal Employment Opportunity for this purpose. *See* Army Reg. CPR 713.B, B-9(c).

rather than at the final decision stage at the time the Agency Rebuttal was prepared. This conclusion derives strong support from the fact that a hearing subsequently was conducted before an EEOC claims examiner, which is the procedural step provided for in 29 C.F.R. § 1613.218 following informal adjustment. Since we do not believe that the proceedings had reached the point requiring a final decision by the Secretary or his designee, the provisions of this section simply do not apply to the question before us in the present case. Moreover, we are satisfied that when the Secretary's decision is required it will be proper for him or his designee to consider the Agency Rebuttal, which appropriately was received into evidence at the hearing before the claims examiner, thereby becoming a part of the hearing record and thus a part of the complaint file on which the Secretary's decision is to be based. *See* 29 C.F.R. § 1613.221(a); *see also id.* § 1613.-222(i); *id.* § 1613.218(f).

We conclude that the EEOC regulations do not prevent the Army from consulting its own personnel files or other records pertaining to a claim of employment discrimination. Having so concluded, we find that Willenbrink and Henson were employees who had a need for the records in the course of performing their duties and that the disclosure to them therefore did not violate the Privacy Act. Accordingly, we reverse the judgment of the District Court and remand for further proceedings consistent with this opinion.