815 F.2d 78
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Harry G. LUKOS, Plaintiff-Appellant,
v.
INTERNAL REVENUE SERVICE, Defendant-Appellee.
 No. 86-1100.
 United States Court of Appeals, Sixth Circuit.
 Feb. 12, 1987.
 
 Before MARTIN, WELLFORD and NELSON, Circuit Judges.
 
 ORDER
 
 1
 This Michigan citizen appeals from a district court order denying his "motion for redetermination" of an order which denied his motion for summary judgment and which granted the defendant's motion for summary judgment. In his complaint, the plaintiff pro se, a former I.R.S. employee, alleged that various violations had occurred to his privacy rights in regard to certain records maintained by the defendant as they pertained to a prior arrest.
 
 
 2
 On appeal, the plaintiff alleges that (1) the district court improperly determined defendant's administrative procedures overrode the provisions of the United States Office of Personnel Management; (2) the disclosure of the plaintiff's pre-employment arrest was not authorized by the Privacy Act; (3) the document containing the confirmation of the oral admonishment was not authorized by the Privacy Act and was not properly safeguarded; (4) the defendants failed to follow the provisions contained in 5 U.S.C. Sec. 552a(e)(3) by neglecting to inform the plaintiff of the notification requirements contained therein; (5) the defendants failed to publish in the Federal Register, "the notification of the routine uses of character investigative employee records ..." as required by 5 U.S.C. Sec. 552a(e)(4); and (6) civil remedies under the Privacy Act were warranted.
 
 
 3
 As it pertains to the first issue, a review of the record reveals that the procedures as delineated in the Internal Revenue Manual were followed. No inconsistencies with the guidelines promulgated by the Office of Personnel Management can be discerned. No error occurred. Compare Zeller v. United States, 467 F.Supp. 487 (E.D.N.Y.1979).
 
 
 4
 As to the plaintiff's second claim, this Court finds that the disclosure of the prior arrest record to plaintiff's immediate supervisor is permitted by 5 U.S.C. Sec. 552a(b)(1). The Internal Revenue Service's Handbook of Employee Responsibility and Conduct stresses that an employee may be disciplined for intentionally making false statements on application forms. The handbook also reveals that the plaintiff's district director was required to review the plaintiff's conduct and determine disciplinary action where appropriate. This includes the giving of oral admonishments confirmed in writing, when the situation warrants such action. The handbook also authorized the district director to delegate to plaintiff's supervisor, the responsibility for carrying out the disciplinary action.
 
 
 5
 From the above guidelines, it is clear that the plaintiff's district director had a need for this record in the performance of his duties so as to evaluate the plaintiff's conduct and the plaintiff's supervisor had a need to know the information to effect the disciplinary action. Howard v. Marsh, 785 F.2d 645, 648 (8th Cir.1986), cert. denied, 107 S.Ct. 581 (1986); Hernandez v. Alexander, 671 F.2d 402, 410 (10th Cir.1982); Beller v. Middendorf, 632 F.2d 788, 798 n. 6 (9th Cir.1980), cert. denied sub nom., Beller v. Lehman, 452 U.S. 905 (1981). No error occurred as it applies to this issue.
 
 
 6
 As to the plaintiff's third claim for relief, it is significant to note that the plaintiff's supervisor was required to monitor and evaluate the plaintiff conduct and to discipline those under him when necessary. Maintenance of this record was relevant and necessary to accomplish this purpose. See 5 U.S.C. Sec. 522a(e)(1); see also Chocallo v. Bureau of Hearings and Appeals, 548 F.Supp. 1349, 1368 (E.D.Pa.1982), affirmed without opinion, 716 F.2d 889 (3rd Cir.), cert. denied, 464 U.S. 983 (1983).
 
 
 7
 Furthermore, the affidavit of Michael E. Lefevre, plaintiff's supervisor, reveals that the letter detailing the oral confirmation was kept in a locked file cabinet. The plaintiff offered no proof to the contrary except his bare allegations made in his complaint. A party cannot rest on allegations contained in his complaint in opposition to a properly supported summary judgment motion made against him. Kochins v. Linden-Alimak, Inc., 799 F.2d 1128, 1133 (6th Cir.1986); Shavrnoch v. Clark Oil and Refining Corp., 726 F.2d 291, 293 (6th Cir.1984). The plaintiff's motion for summary judgment was properly granted on this point.
 
 
 8
 As to the plaintiff's fourth and fifth claims, the plaintiff has failed to allege any violation of 5 U.S.C. Sec. 552a(e)(3) and 5 U.S.C. Sec. 552a(e)(4) in his complaint. The first time any allegations were raised concerning violations of these sections occurred in the plaintiff's motion for summary judgment. The plaintiff needed to amend his complaint to include these allegations. This Court is precluded from addressing these issues at this point. See Herzog v. Secretary of Health, Education and Welfare, 686 F.2d 1154, 1161 (6th Cir.1982); Compton v. Tennessee Department of Public Welfare, 532 F.2d 561, 563 n. 1 (6th Cir.1976).
 
 
 9
 Finally, as it applies to the plaintiff's last argument, this Court finds that no civil penalties are warranted in this case.
 
 
 10
 For these reasons, this panel unanimously agrees that oral argument is not necessary in this appeal. Rule 34(a), Federal Rules of Appellate Procedure. The district court's judgment, is accordingly, affirmed pursuant to Rule 9(d)(3), Rules of the Sixth Circuit.