**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| ALFONSO G. RAMIREZ,<br>　　　　　Appellant, | DOCKET NUMBER<br>DE-0752-14-0482-I-1 |
| 　　　　v. | |
| DEPARTMENT OF VETERANS<br>　AFFAIRS,<br>　　　　Agency. | DATE: December 8, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Alfonso G. Ramirez</u>, Tucson, Arizona, pro se.

<u>Zulema Hinojos-Fall</u>, Albuquerque, New Mexico, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1　　The appellant has filed a petition for review of the initial decision, which sustained his removal. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to supplement the analysis of the charges and the appellant's affirmative defense of retaliation for equal employment opportunity (EEO) activity, we AFFIRM the initial decision.

## BACKGROUND

¶2 Effective July 18, 2014, the agency removed the appellant from his Program Support Assistant position at the agency's Southern Arizona Veterans Administration Health Care System (SAVAHCS) based on two charges of violating the Health Insurance Portability and Accountability Act (HIPAA) and the Privacy Act. Initial Appeal File (IAF), Tab 11 at 9-13, 69-74. Each charge was supported by three specifications, alleging that on February 13, 23, and 27, 2014, the appellant disclosed veterans' protected health information (PHI)[2] and personally identifiable information (PII) when, to support his discrimination complaint, he sent documents to the Office of Resolution Management (ORM)

---

[2] PHI means individually identifiable health information, which is defined as information that is a subset of health information, including demographic information collected from an individual, and (1) is created or received by a health care provider, health plan, employer, or health care clearinghouse; and (2) relates to an individual's past, present, or future physical or mental health condition; providing health care to an individual; or the past, present, or future payment for providing health care to an individual; and (i) that identifies the individual; or (ii) with respect to which there is a reasonable basis to believe the information can be used to identify the individual. 45 C.F.R. § 160.103.

that contained patients' names, addresses, full or partial social security numbers, and medical diagnoses associated with Agent Orange. *Id.* at 69-74.

¶3 The appellant filed a Board appeal challenging his removal and raising affirmative defenses of harmful procedural error, denial of due process, and whistleblower reprisal. IAF, Tabs 1, 26. The appellant did not request a hearing. IAF, Tab 1 at 1. However, the administrative judge exercised her discretion and held a hearing for the limited purpose of conducting an in-camera review of the unredacted documents at issue in the appeal to confirm whether they contained PHI or PII. IAF, Tabs 53, 89, 91. Following the hearing, the administrative judge issued an initial decision sustaining the appellant's removal. IAF, Tab 109, Initial Decision (ID). The administrative judge sustained all three specifications of each charge and found that the appellant failed to prove his affirmative defenses. ID at 6-21. The administrative judge also found that there was a nexus between the sustained charges and the efficiency of the service and that removal was within the tolerable limits of reasonableness. ID at 23-25.

¶4 The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 2.[3] The agency has not responded to the appellant's petition.

## DISCUSSION OF ARGUMENTS ON REVIEW

Charge 1 is sustained.

¶5 Under HIPAA, a covered entity[4] may not use or disclose PHI, unless such use or disclosure falls within certain categories of permitted uses and disclosures. *See* 45 C.F.R. § 164.502(a). Based on her review of copies of the documents submitted by the appellant to ORM on February 13, 23, and 27, 2014, the administrative judge found that they contained PHI, including unredacted

---

[3] The appellant also filed a motion for leave to file an amended petition for review, which the Board granted. PFR File, Tabs 4-5.

[4] As a Veterans Health Administration hospital, SAVAHCS is a covered entity under HIPAA. *See, e.g., Parikh v. Department of Veterans Affairs*, 116 M.S.P.R. 197, ¶ 25 n.6 (2011).

veterans' partial social security numbers, full names, addresses, medical diagnoses, dates of examinations, and medical providers' names. ID at 6. In so finding, she credited testimony of the agency's privacy officer that the documents provided to her for an in-camera review were copies of the same documents the appellant sent to ORM, which the privacy officer received after ORM returned them to SAVAHCS. *Id.*; IAF, Tab 89, Hearing Compact Disc (testimony of the privacy officer). Thus, the administrative judge found that the appellant's contention, that he only sent redacted documents to ORM, was not credible or supported by the record evidence. ID at 5-6.

¶6  On review, the appellant contends that the administrative judge improperly made credibility determinations based on the factors set forth in *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987), because the appellant did not testify and the decision was based on the written record. PFR File, Tab 2 at 4. We find that the administrative judge properly applied the principles of *Hillen* to this case, in which an in-camera review was conducted and the agency's privacy officer testified concerning the chain of custody of the documents provided for review. *See, e.g., Pollard v. Federal Bureau of Investigations*, 705 F.2d 1151, 1153-54 (9th Cir. 1983) (finding that the court did not err by allowing testimony to authenticate documents during in-camera review).

¶7  The administrative judge further found that the agency established that the appellant's use and disclosure of PHI was unauthorized because it did not fall within the permitted uses and disclosures set forth under 45 C.F.R. § 164.502(a). ID at 7-10. Specifically, she found that "the appellant's disclosure of PHI to ORM was unauthorized since the appellant was only permitted to access PHI in order to perform the official functions of his position." ID at 10-11. We do not agree with this portion of the administrative judge's analysis, however, because the appellant was not charged with improperly accessing PHI; he was charged with improperly disclosing it. IAF, Tab 11 at 69.

¶8        Even assuming, without finding, that the appellant was permitted to disclose the documents he submitted to ORM, a "minimum necessary" standard applies even to disclosures of PHI that would otherwise be permitted under HIPAA.  IAF, Tab 11 at 69.  That is to say, with certain exceptions not applicable here, reasonable efforts must be made to limit the PHI disclosed to the minimum necessary to accomplish the intended purpose of the disclosure.  45 C.F.R. § 164.502(b).  In this case, the appellant's February 13, 2014 disclosure contained numerous unredacted medical records, six of which contained patient diagnoses. IAF, Tab 11 at 105, 109-50.  We find that the inclusion of these diagnoses was clearly unnecessary to accomplish the intended purpose of the appellant's disclosure, i.e., to rebut the agency's allegation that these documents were missing from the patients' files.  *Id.* at 105-08.  Therefore, we find that this disclosure was in violation of HIPAA, as alleged.  For the same reasons, we find that the appellant's nearly identical disclosures of February 23 and 27, 2014 also violated HIPAA.  IAF, Tab 11 at 69-70.

¶9        On review, the appellant contends that the agency failed to prove this charge because the agency's evidence file contained only redacted copies of the documents he sent.  PFR File, Tab 2 at 9-10.  He further contends that the initial decision was improperly decided based on the charges, proposal, ORM correspondence, and various agency handbooks and memoranda.  *Id.* at 10.  We disagree.  The record reflects that the administrative judge's findings were based on her in-camera review of the unredacted documents, the privacy officer's testimony, and the written record.  ID at 6.

¶10       The appellant also reiterates his argument that there was no HIPAA violation because a risk assessment conducted by the Department of Veterans Affairs Network Security Operations Center (VANSOC) concluded that the disclosures did not meet the criteria for a data breach requiring notice to the affected veterans under 45 C.F.R. part 164, subpart D.  PFR File, Tab 2 at 6-7. The administrative judge, however, considered this argument and found that,

although the appellant's disclosures did not rise to the level of a breach requiring notice under subpart D, they were still in violation of subpart E of the HIPAA regulations.  ID at 11-12.  We agree.

Charge 2 is sustained.

¶11        The Privacy Act prohibits disclosing any record,[5] which is contained in a system of records, to any person, or to another agency, except pursuant to a written request, or with the prior approval of the subject of the record, unless the disclosure meets one of several provisions or exceptions.  5 U.S.C. § 552a(b); *see* 5 C.F.R. § 297.401.  Thus, to show that the appellant violated the Privacy Act, the agency was required to prove that the appellant's disclosure was unauthorized and that the record was disclosed from a system of records.  *Gill v. Department of Defense*, 92 M.S.P.R. 23, ¶ 21 (2002).

¶12        The administrative judge found that the appellant disclosed patient medical records that were a part of a Veterans Administration (VA) system of records.[6] ID at 13.  The administrative judge further found that the appellant's disclosure did not fall within any of the 12 exceptions to the nondisclosure provisions of the Privacy Act.  *Id.*  On review, the appellant contends that the administrative judge failed to consider his argument below that his disclosure fell within the exception contained in 5 U.S.C. § 552a(b)(1), which permits disclosure "to those officers and employees of the agency which maintains the record who have a need for the record in the performance of their duties."  PFR File, Tab 2 at 2, 7, 13.

---

[5] A record is defined as any item, collection, or grouping of information about an individual that is maintained by an agency, including, but not limited to, his education, financial transactions, medical history, and criminal or employment history and that contains his name, or the identifying number, symbol, or other identifying particular assigned to the individual, such as a finger or voice print or a photograph.  5 U.S.C. § 522a(a)(4).

[6] The administrative judge found that the records at issue were a part of the agency's National Patient Database—VA system of records.  ID at 13.  However, the evidence reflects that these documents were a part of the Agent Orange Registry—VA system of records.  IAF, Tab 11 at 108, 191-298, Tab 12 at 143-148; 66 Fed. Reg. 3653-01 (Jan. 16, 2001).

¶13      In support of his argument, the appellant relies on *Howard v. Marsh*, 785 F.2d 645 (8th Cir. 1986), in which the court held that disclosing an employee's personnel records to an agency attorney and personnel specialist to gather information concerning a discrimination complaint that had been filed against the agency by that employee fell within the (b)(1) exception. PFR File, Tab 2 at 7, 13; IAF, Tab 37. Other than decisions of the U.S. Court of Appeals for the Federal Circuit, the decisions of the circuit courts are not binding on the Board, but the Board may follow such decisions if it is persuaded by their reasoning. *See Bowman v. Small Business Administration*, 122 M.S.P.R. 217, ¶ 13 n.8 (2015). We find the facts of *Howard* distinguishable and decline to follow it.

¶14      Under the facts of this appeal, we find that ORM employees did not have a need for the records to perform their job duties for two reasons. First, despite the appellant's arguments, IAF, Tab 37, the record does not reflect that he provided the documents at the request of ORM. In its letter rejecting the appellant's request to amend his EEO complaint because it contained PII and PHI, ORM stated, "[t]here is no requirement that you submit documentation related to your claim of discrimination" and that, "[i]f documentation is needed by ORM to process your amendment it will be requested through official channels or you will be asked." IAF, Tab 11 at 88.

¶15      Second, the PHI and PII contained in the documents was not relevant to the appellant's discrimination complaint in which he alleged that his supervisor discriminated against him by issuing him a 2-day suspension for, among other things, failing to document environmental appointments in the registry and scan letters into patients' records. IAF, Tab 12 at 52, Tab 36 at 7-9. The appellant appears to have been providing the documents to ORM merely as evidence that he had properly performed these job duties and should not have been suspended. IAF, Tab 11 at 104-298. Thus, unredacted copies of these documents were not necessary to process the appellant's EEO complaint. Accordingly, we find that

ORM did not have a need for these records to process the appellant's EEO complaint and the (b)(1) exception does not apply.[7]  *Cf. Gill*, 92 M.S.P.R. 23, ¶¶ 16, 22 (finding that the appellant's disclosing confidential medical documents at an EEO counselor's request to support the appellant's claim that she was disparately treated concerning her medical accommodation request fell within the exception contained in 5 U.S.C. § 552a(b)(1) because the EEO counselor was acting within the scope of her duties and needed the records to perform such duties).

¶16        We have also considered whether the appellant's disclosures fell under the "routine use" exception of 5 U.S.C. § 552a(b)(3).  Under this exception, the agency "may disclose information to the Equal Employment Opportunity Commission when requested in connection with investigations of alleged or possible discriminatory practices, examination of Federal affirmative employment programs, or for other functions of the Commission as authorized by law or regulation."  Privacy Act of 1974: Notice of Amendment of System of Records, 79 Fed. Reg. 8245, 8247 (Feb. 11, 2014).  Although ORM was performing EEO functions, ORM is not the Equal Employment Opportunity Commission, and ORM did not request these documents.  Nor were these documents exchanged through discovery in proceedings before the Equal Employment Opportunity Commission.  We therefore find that this exception does not apply.  Although not raised by either party, we have also considered whether Charge 2 must fail on the basis that the appellant did not disclose the records at issue to anyone outside the agency.  Several courts have held that the Privacy Act only applies when an agency is disclosing records externally.  *E.g., Mauldin v. Napolitano,*

---

[7] It may very well have been that these documents would have been relevant at a later investigative stage in the complaint process; i.e., during the agency's investigation or in the discovery process if the appellant had proceeded to adjudication of his complaint before the Equal Employment Opportunity Commission.  Nonetheless, even if the appellant believed the documents were necessary to process the amendment of his EEO complaint, the agency was not out of bounds in informing the appellant that the documents needed to be redacted.

No. 10-12826, 2011 WL 3113104, at * 3 (E.D. Mich. 2011); *Williams v. Reilly*, 743 F. Supp. 168, 175 (S.D.N.Y. 1990). We cannot agree with this interpretation of the law because it is inconsistent with the plain language of the statute, which concerns disclosure of records to "any person" without regard to whether such person is employed by the agency maintaining the system of records at issue. 5 U.S.C. § 552a(b). Furthermore, this interpretation of the Privacy Act violates the rule against surplussage; if internal agency disclosures were categorically not governed by the Act, then there would be no need for the exception at 5 U.S.C. § 552a(b)(1), which permits disclosures to agency employees with "a need for the record in the performance of their duties." For these reasons, we agree with the administrative judge that the agency proved Charge 2.

The appellant failed to prove his affirmative defense of reprisal for equal employment opportunity activity.[8]

¶17    To prove an affirmative defense of retaliation for Title VII equal employment opportunity activity, an appellant must prove that his protected activity was at least a motivating factor in the action under appeal, and he may use various methods of proof and any type of admissible evidence to do so. *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 20-23, 30. In this case, the administrative judge cited to various precedential cases advancing different analytical frameworks, and it is not clear to us which framework he actually applied to the appellant's claim. ID at 20-21. Nevertheless, the gravamen of the administrative judge's factual findings was that the appellant advanced essentially no credible evidence in support of his affirmative defense.

---

[8] The appellant alleged that his removal constituted whistleblower reprisal for protected disclosures he made to ORM in his amendment to his EEO complaint. IAF, Tab 26 at 13. The administrative judge found that the appellant did not make a protected disclosure because any alleged disclosures to ORM violated the Privacy Act and HIPAA and disclosures prohibited by law are not protected under 5 U.S.C. § 2302(b)(8). ID at 19. On review, the appellant does not challenge this finding, and we discern no error with the administrative judge's analysis of this claim as possible whistleblowing retaliation.

ID at 21. This is tantamount to a finding that the appellant failed to prove that retaliation was a motivating factor in his removal, and we find no basis to disturb that conclusion on review.

¶18    We have also considered whether the removal action was per se retaliation for participating in EEO activity, but we find that it was not. Participating in EEO activity enjoys very broad protection, to the point that an employee may not be disciplined even for bringing false or malicious claims of discrimination. *See LaBate v. U.S. Postal Service*, EEOC Appeal No. 01851097, 1987 WL 774785, at *3 (Feb. 11, 1987). However, activity protected under Title VII does not include activity that is unlawful. *Netter v. Barnes*, 908 F.3d 932, 939 (4th Cir. 2018). This includes the unlawful access and disclosure of protected information. *Id.* An agency may discipline an employee for engaging in unlawful conduct.

The appellant failed to prove his affirmative defenses of due process violations or harmful procedural error.

¶19    Below, the appellant alleged that the agency's failure to provide him with a copy of the VANSOC risk assessment and use of redacted documents in the evidence file amounted to due process violations or harmful procedural error. ID at 16-17. The administrative judge found that the agency's use of redacted documents in the evidence file was immaterial and did not prejudice the appellant because he was aware of the redacted information contained in the documents as he was the one who sent them to ORM. *Id.* She further found that the agency's failure to provide a copy of the VANSOC risk analysis—which found that the appellant's disclosures did not meet the criteria for a data breach requiring notice to the affected veterans—was immaterial, being irrelevant to a potential violation of HIPAA Subpart E or the Privacy Act. ID at 17. Thus, she found that the appellant failed to prove harmful procedural error or that the agency committed due process violations.

¶20    On review, the appellant reiterates his arguments that he was denied the opportunity to respond to the VANSOC determination, which was not included in

the proposal. PFR File, Tab 2 at 16-20. The record reflects that the deciding official considered the appellant's argument in his response to the proposed removal that he did not violate HIPAA because there was no significant harm to the veterans and the data breach did not require notice. IAF, Tab 11 at 9-10. Under these circumstances, we agree with the administrative judge that the deciding official's consideration of the VANSOC determination did not amount to a due process violation because the appellant was aware of the information contained in the VANSOC determination and he had a chance to address it in his response. We further find that any procedural error that the agency made in this regard did not affect the outcome of its decision and therefore did not rise to the level of harmful error. *See Hope v. Department of the Army*, 108 M.S.P.R. 6, ¶ 8 (2008) ("Harmful error cannot be presumed; an agency error is harmful only where the record shows that it was likely to have caused the agency to reach a conclusion different from the one it would have reached in the absence or cure of the error.").

<u>The agency established nexus, and the penalty of removal was within the tolerable limits of reasonableness.</u>

¶21 The appellant disputes the administrative judge's finding that the agency proved nexus. PFR File, Tab 2 at 22-24. His arguments, however, amount to mere disagreement with the administrative judge's findings that the agency proved its charges and do not provide a basis for reversal. We also find unpersuasive the appellant's argument that the agency failed to show that his disclosures affected his job performance or management's trust and confidence in his job performance. *Id.* at 22. It is well settled that there is sufficient nexus between an employee's conduct and the efficiency of the service when, as here, the conduct occurred at work. *See, e.g., Parker v. U.S. Postal Service,* 819 F.2d 1113, 1116 (Fed. Cir. 1987).

¶22 Regarding the appropriateness of the penalty, the appellant argues that the administrative judge erred in finding that the deciding official properly

considered the *Douglas* factors. PFR File, Tab 2 at 24-26. In determining an appropriate penalty, an agency must review relevant mitigating factors, also known as the *Douglas* factors pursuant to *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981). The Board in turn defers to the agency's discretion in exercising its managerial function of maintaining employee discipline and efficiency. *See Davis v. U.S. Postal Service*, 120 M.S.P.R. 457, ¶ 6 (2013). Thus, the Board will modify an agency's penalty only when it finds that the agency failed to weigh the relevant factors or that the imposed penalty clearly exceeded the bounds of reasonableness. *Id.*

¶23        The administrative judge deferred to the agency's decision to remove the appellant after finding that the deciding official considered the relevant *Douglas* factors.[9]   ID at 23-25. On review, the appellant contends that the agency improperly considered his duties as an aggravating factor. PFR File, Tab 2 at 24. We disagree. To the contrary, the agency's *Douglas* factor analysis properly included consideration of the nature and seriousness of the offense and its relation to the appellant's duties, position, and responsibilities. *See Douglas,* 5 M.S.P.R. at 305.

¶24        Finally, we find unpersuasive the appellant's argument that the agency failed to consider the VANSOC report. PFR File, Tab 4 at 4-6. In his decision letter, the deciding official noted that VANSOC's determination—that notifying the affected veterans of the data disclosure was not necessary—did not alter the fact that the appellant unlawfully released PHI/PII to ORM. IAF, Tab 11 at 9-10. To the extent the appellant's remaining arguments amount to disagreement with the administrative judge's findings that the agency proved its charges, PFR File, Tab 2 at 25-26, Tab 4 at 5, we find that such arguments do not provide a basis for

---

[9] The administrative judge also found that the deciding official properly considered the appellant's prior discipline, after finding that such discipline met the criteria set forth in *Bolling v. Department of the Air Force,* 9 M.S.P.R. 335 (1981). ID at 22, 24. The appellant does not challenge this finding on review, and we discern no error in the administrative judge's analysis.

reversal, *see, e.g., Crosby v. U.S. Postal Service*, 74 M.S.P.R. 98, 105-06 (1997) (finding no reason to disturb the administrative judge's findings when she considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions); *Broughton v. Department of Health and Human Services*, 33 M.S.P.R. 357, 359 (1987) (same).

The appellant's remaining arguments do not provide a basis for reversal.

¶25    The appellant argues that he was prejudiced because the administrative judge conducted an in-camera review of the unredacted documents, which he did not attend, and he was not able to view the documents until over 1 year and 10 months after he was removed. PFR File, Tab 2 at 26. The record reflects that on the evening before the hearing, the appellant requested to continue the hearing citing health reasons. IAF, Tab 86. The administrative judge denied the appellant's motion, finding that he failed to establish good cause. IAF, Tab 87.

¶26    Whether good cause exists to postpone a hearing is determined by the unique circumstances of each case and rests within the administrative judge's sound discretion. *Keay v. U.S. Postal Service*, 57 M.S.P.R. 331, 335 (1993). The record reflects that, although the appellant had been approved as a witness, he had indicated in his pleadings his desire not to testify. IAF, Tabs 80-81. Moreover, the brief hearing was conducted for the limited purpose of allowing the administrative judge to review the unredacted documents. IAF, Tab 91. Under these circumstances, we find that the administrative judge did not abuse her discretion in denying the appellant's request to postpone the hearing. Additionally, we find unavailing the appellant's argument that he was not afforded an opportunity to review the documents in a timely manner. The record reflects that he was repeatedly afforded the opportunity to review the documents, but he declined to do so. IAF, Tab 11 at 73, Tab 12 at 152-53, Tabs 49, 75, 79.

<u>We deny the appellant's motions for leave to submit additional pleadings.</u>

¶27    The appellant has filed numerous motions to submit additional pleadings on review.  PFR File, Tabs 8, 10, 12-13, 15, 17, 19, 21, 23-24, 26, 28, 32.  The Board's regulations do not provide for pleadings other than a petition for review, a cross petition for review, a response to the petition for review or cross petition for review, and a reply to a response.  5 C.F.R. § 1201.114(a).  For the Board to consider a party's pleading, other than those set forth above, the party must describe the nature of and need for the pleading.  *Id.*  If a party wishes to submit a pleading after the record has closed, i.e., following the expiration of the period for filing the reply to the response to the petition for review, 5 C.F.R. § 1201.114(k), the party also must show that, despite the petitioner's due diligence, the evidence therein was not readily available before the record closed, *see* 5 C.F.R. § 1201.115(d).  Here, the record closed on October 3, 2016, ten days after the agency's September 23, 2016 deadline for filing its response to the appellant's petition.  PFR File, Tab 3.

¶28    The appellant has filed motions for leave to demonstrate that the administrative judge was biased as well as a motion for leave to submit an affidavit in support of such claims.  PFR File, Tabs 8, 13, 17.  We deny these motions because they were filed after the close of the record and the appellant has not shown that they are based on new and material evidence that was unavailable prior to the close of the record, despite his due diligence.  We similarly deny the appellant's motion to show that the administrative judge erred in interpreting Federal regulations.  PFR File, Tab 12.  In this motion, the appellant asserts that four pieces of evidence on which the administrative judge relied are not supported by Federal regulation or case law and impel reversing the initial decision.  *Id.* at 5.  The appellant has not shown that such arguments are based on new and material evidence.  Regardless, having reviewed the record, we discern no error in the administrative judge's analysis that would warrant reversing the initial decision.

¶29    The appellant also filed a motion for leave to file a copy of the VANSOC risk analysis, which he contends he filed below but does not appear in the repository as part of the record. PFR File, Tab 10. We deny this motion because the record reflects that this document and references to it already are part of the record below.[10] IAF, Tab 96 at 6; PFR File, Tab 24. The appellant also has filed a motion for leave to show that he provided the documents at issue at ORM's request. PFR File, Tab 15. In his pleading, he asserts that his disclosures to ORM were not unauthorized because ORM requested them. *Id.* at 4. However, such an argument was made below, IAF, Tab 37, and the appellant has not shown that his motion is based on any new and material evidence. Accordingly, we deny the appellant's motion.

¶30    Based on the foregoing, we affirm the initial decision, as modified, sustaining the appellant's removal.

---

[10] The appellant has also filed additional motions seeking to introduce evidence and argument showing that the agency determined that his disclosures did not rise to the level of a breach. PFR File, Tabs 19, 21, 23, 26. Such evidence appears to already be part of the record, and, in any event, would not affect the outcome of the appeal because, as the administrative judge concluded, the fact that the appellant's impermissible disclosures did not rise to the level of a breach requiring notice under HIPAA subpart D does not mean that his disclosures did not violate subpart E. For the same reason, we deny the appellant's motion for leave to submit Pro-Publica records showing that the agency did not report any HIPAA violations in 2014 as such information is not material and would not affect the outcome of the appeal. PFR File, Tab 32. Finally, the appellant has filed a motion for leave to file an additional pleading concerning his argument that he did not violate HIPAA based on the VANSOC determination, which found that his disclosures did not meet the criteria for a data breach requiring notice to the affected veterans. PFR File, Tab 28. Such an argument, however, was considered and rejected by the administrative judge, ID at 11-12, and the appellant has not shown that his motion is based on any new and material evidence or argument that was unavailable despite his due diligence when the record closed. Accordingly, we deny his motion. *See* 5 C.F.R. § 1201.114(a), (k).

## NOTICE OF APPEAL RIGHTS[11]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You may obtain review of this final decision.  5 U.S.C. § 7703(a)(1).  By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file.  5 U.S.C. § 7703(b).  Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) <u>Judicial review in general</u>**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be <u>received</u> by the court within **60 calendar days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[11] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions.  As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security.  *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues.  5 U.S.C. § 7702(b)(1).  You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**.  This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[12]  The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[12] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Jennifer Everling

FOR THE BOARD:                    _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.